THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L. SMITH

        Plaintiff,        Case No. 07-14341

vs.

        DISTRICT JUDGE LAWRENCE P. ZATKOFF
        MAGISTRATE JUDGE STEVEN D. PEPE

LAKEFRONT LINES, INC.

        Defendant.
_____/

## REPORT AND RECOMMENDATION DISMISSING PLAINTIFF'S SUIT

On October 12, 2007, Plaintiff filed a Complaint alleging Defendant's failure to comply with the Family Medical Leave Act, 29 U.S.C., § 2601 *et seq.,* when they did not allow him to return to work after he was healthy enough to do so (Dkt. # 1). On March 14, 2008, Defendant filed a Motion to Compel Discovery (Dkt. # 18) which was referred for hearing and determination on March 17, 2008 (Dkt. #19). On June 25, 2008, the undersigned issued an Order to Show Cause stating that on or before July 10, 2008, Plaintiff was to comply with Defendant's discovery request or to show cause why such a response was not possible with warnings that failure to act would result in dismissal of his law suit (Dkt. # 27). Plaintiff has not responded to this Court's Order to Show Cause. Accordingly, **IT IS RECOMMENDED** that Plaintiff's suit be **DISMISSED**.

Defendant first served discovery requests on Plaintiff on January 25, 2008. Written

responses were due on February 27, 2008.[1]  Counsel for the parties agreed that the date for filing written responses could be extended to March 10, 2008.  On March 14, 2008, Defendant's counsel attempted to call Plaintiff's counsel, but for the third time in 10 days such efforts were unsuccessful (Dkt. # 18, p. 6).

On May 2, 2008, District Court Judge Lawrence Zatkoff granted Plaintiff's attorney's request to withdraw as Plaintiff's counsel (Dkt. # 25).  Counsel sought withdrawal given an inability to contact Plaintiff for several months.  Plaintiff has not procured new representation.

Plaintiff has not responded to Defendant's discovery requests or participated in the litigation at all.  Defendant's most recent letter to Plaintiff, dated June 9, 2008, has not received a response (Dkt. # 18).  *Pro se* litigants, while not expected to have mastered the details of legal process and procedure, must make good faith efforts to proceed with their suit.  Based on a review of the briefs filed by Defendant, and for the reasons discussed below, the undersigned granted Defendant's motion seeking discovery responses (Dkt. # 27).

Federal Rule of Civil Procedure 37 provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  Federal Rule 37 also provides for the imposition of sanctions for the failure to comply with a court order.  Fed. R. Civ. P. 37(b).

Federal Rule 37 "establishes the mechanisms" by which other rules of discovery "can be made effective."  8 WRIGHT, MILLER & MARCUS FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2281.  Rule 37 provides that "serious consequences," including dismissal of a claim, may be

---

[1] Federal Rules of Civil Procedure require responses to these discovery requests within thirty days; Fed. R. Civ. P. 6 (d) and this Court's Electronic Filing Policies and Procedures R. 15(b) add three days for mail and electronic service.

appropriate for "any party or person who seeks to evade or thwart full and candid discovery." *Id.* Under this Rule, Defendant has filed numerous motions seeking Plaintiff's compliance with discovery.

Federal Rule of Civil Procedure 41 provides for involuntary dismissal when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734, 6 Fed. R. Serv. 2d 831 (1962) (Court may *sua sponte* dismiss case on account of plaintiff's failure to prosecute). Federal Rule 41(b) grants district courts the inherent authority to involuntarily dismiss a suit "if the ground for dismissal is want of prosecution." 9 WRIGHT, MILLER & MARCUS FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2369.

To date, despite this Court's June 25, 2008, Order Plaintiff has neither complied with discovery nor sought to advance his lawsuit against Defendant. That order ended with:

> **NOTICE TO PLAINTIFF** – failure to comply with this order will result in dismissal of your law suit under Fed. R. Civ. P. 37 and 41.

Given Plaintiff's inaction and unresponsiveness to opposing counsel and to this Court, **IT IS RECOMMENDED** that Plaintiff's suit be **DISMISSED** under Fed. R. Civ. P. 37 and 41.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d).

**So Ordered.**

Date: July 24, 2008.                                         s/Steven D. Pepe
Ann Arbor, Michigan                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 24, 2008.

s/ Alissa Greer
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298
